Case 1:19-cv-21612-BB   Document 16-1   Entered on FLSD Docket 06/15/2019   Page 1 of 8

Settlement and Release of Claims Agreement:
Julio Castillo v. BCC Food Hall LLC d/b/a La Centrale, and Jacopo Giustiniani, 19cv-21612-BB (SD Fla)

# SETTLEMENT AND RELEASE OF CLAIMS AGREEMENT

This Settlement, Release of Claims and Release of FLSA Claims Agreement ("**Agreement**") is entered into by and between **BCC FOOD HALL LLC, d/b/a La Centrale**, a Florida Limited Liability Company, (the "**Employer**"), on behalf of itself and its subsidiaries, and other corporate affiliates, and each of their respective present and former employees, officers, directors, owners, shareholders, and agents, individually and in their official capacities, and **JACOPO GIUSTINIANI**, individually (collectively referred to herein as, the "**Employer**" or "**Employer Group**"), and **JULIO CASTILLO** (the "**Employee**") (the Employer and the Employee are collectively referred to herein as the "**Parties**") as of June 13, 2019 (the "**Execution Date**").

WHEREAS, a dispute arose between the Parties over the alleged nonpayment of certain wages to the Employee;

WHEREAS, the Employee brought an action for recovery of certain allegedly unpaid overtime wages under the Fair Labor Standards Act ("FLSA") in the Southern District of Florida, styled *Julio Castillo v. BCC Food Hall LLC d/b/a/ La Centrale, and Jacopo Giustiniani*, Case No. 19-cv-21612-BB (the "Pending Litigation");

WHEREAS, the Employer Group has denied each and every allegation of wrongdoing alleged in the Complaint as well as all other papers, motions, and other filings in the Pending Litigation;

WHEREAS, the Court has made no factual or legal findings in the Pending Litigation;

WHEREAS, the Parties desire to resolve the Pending Litigation amicably and expeditiously without further litigation or adjudication; and

WHEREAS, the Parties have negotiated and collectively drafted this Agreement to resolve the dispute and Pending Litigation.

NOW, THEREFORE, in consideration of the promises and obligations set forth herein, the parties agree as follows:

1. <u>No Admission of Liability</u>. Nothing herein shall be construed to be an admission by the Employer Group of any wrongdoing or noncompliance with any federal, state, city, or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law, or of any other unlawful conduct, liability, wrongdoing, or breach of any duty whatsoever. Employer Group specifically disclaims and denies any wrongdoing or liability to Employee.

2. <u>Payment</u>. In consideration for Employee's execution, non-revocation of, and compliance with this Agreement, including the waiver and release of claims in sections 3 and 4, the Employer Group agrees to provide the following benefits provided that Employee has not revoked this Agreement in accordance with its terms, pay Employee, Ten Thousand Dollars and Zero Cents ($10,000.00) as follows:

Settlement and Release of Claims Agreement:
Julio Castillo v. BCC Food Hall LLC d/b/a La Centrale, and Jacopo Giustiniani, 19cv-21612-BB (SD Fla)

---

(a)  Three Thousand Dollars and No Cents ($3,000.00), less all applicable taxes and other withholdings in full satisfaction of all claims Employee may have for alleged FLSA claims, lost wages, unpaid wages, unpaid overtime, lost back pay, front pay, or benefits to be paid to Employee. Employer shall issue a Form W-2 to Employee for this amount making all necessary deductions consistent with a Form W-4 that Employee shall provide to Employer with the executed Agreement.

(b)  Three Thousand Dollars and No Cents ($3,000.00) representing alleged liquidated damages under the FLSA, with no tax withholdings, to be paid to Employee. Employer Group shall issue a Form 1099-MISC to Employee for this amount. Employee is fully responsible for payment of any and all relevant income taxes and/or deductions on this amount, if any.

(c)  Four Thousand Dollars and No Cents ($4,000.00) in full satisfaction of all claims Employee may have for attorneys' fees and costs, to be paid to Employee's counsel, Hazel Solis Rojas, Employer shall issue a Form 1099-MISC to Hazel Solis Rojas, P.A.

The payments outlined in this section shall be delivered to Employee's counsel within ten (10) calendar days after both the execution of this Agreement by the Parties, the approval by the Court of this Settlement Agreement, and the full and final dismissal, with prejudice, of the Pending Litigation.

Employee agrees and acknowledges that Employer Group and its counsel have not made any representations to Employee regarding the tax consequences of any payments or amounts received by Employee pursuant to this Agreement.

Employee further agrees and acknowledges that, upon receipt of the payments above, Employee has been properly paid for all hours worked for the Employer Group, that all salary, wages, commissions, bonuses, and other compensation due to Employee have been paid, and that Employee is not owed anything else from the Employer Group other than as provided for in this Agreement.

3. <u>General Release and Waiver of Claims</u>. In exchange for the promises made by Employer Group in this Agreement, Employee and Employee's heirs, executors, administrators, and assigns (collectively the "**Releasors**") forever waive, release, and discharge the Employer Group (collectively the "**Releasees**") from any and all claims, demands, causes of actions, fees, damages, liabilities, and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, that Employee has ever had against the Releasees, or any of them by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence, or other matter up to and including the date of Employee's execution of this Agreement, including, but not limited to:

(a) any claim under Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA) (with respect to existing but not prospective claims), the Equal Pay Act (EPA), the Employee Retirement Income Security Act (ERISA) (with respect to unvested benefits), the Civil Rights Act of 1991, Section 1981 of the Civil Rights Act of 1866 (Section 1981), the Fair Credit Reporting Act (FCRA), the Worker Adjustment and Retraining

Settlement and Release of Claims Agreement:
Julio Castillo v. BCC Food Hall LLC d/b/a La Centrale, and Jacopo Giustiniani, 19cv-21612-BB (SD Fla)

Notification (WARN) Act, the Genetic Information Non-Discrimination Act (GINA), the Immigration Reform and Control Act (IRCA), the Age Discrimination in Employment Act (ADEA), the Uniform Services Employment and Reemployment Rights Act (USERRA), all as amended, the Florida Civil Rights Act, the Florida Whistleblower Protection Act, Florida Workers' Compensation Law's Retaliation provision, the Florida Wage Discrimination Law, the Florida Minimum Wage Act, the Florida Equal Pay Law, the Florida Omnibus AIDS Act, the Florida Domestic Violence Leave Act, the Florida Discrimination on the Basis of Sickle Cell Trait Law, Florida OSHA, the Florida Constitution, the Florida Fair Housing Act, any local laws, codes or ordinances, amendments or regulations promulgated pursuant to any of the foregoing and/or any other federal, state, local, or foreign law (statutory, regulatory, or otherwise) that may be legally waived and released; however, the identification of specific statutes is for purposes of example only, and the omission of any specific statute or law shall not limit the scope of this general release in any manner;

    (b)  any claims for compensation of any type whatsoever, including but not limited to claim for salary, wages, bonuses, commissions, overtime, incentive compensation, vacation, sick pay, or severance;

    (c)  any claims arising under tort, contract, or quasi-contract law, including but not limited to claims of breach of an express or implied contract, tortious interference with a contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness, or any other harm, wrongful or retaliatory discharge, fraud, defamation, false imprisonment, and negligent or intentional infliction of emotional distress;

    (d)  any and all claims for monetary or equitable relief, including, but not limited to, attorneys' fees and costs, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements, punitive damages, liquidated damages, and penalties; and

    (e)  indemnification rights the Employee has against the Employer Group.

    4.  <u>Specific Release of ADEA Claims</u>. In further consideration of the payments and benefits provided to the Employee in this Agreement, the Releasors hereby irrevocably and unconditionally fully and forever waive, release, and discharge the Releasees from any and all Claims, whether known or unknown, from the beginning of time to the date of the Employee's execution of this Agreement, arising under the Age Discrimination in Employment Act (ADEA), as amended, and its implementing regulations. By signing this Agreement, the Employee hereby acknowledges and confirms that: (i) the Employee has read this Agreement in its entirety and understands all of its terms; (ii) the Employee has been advised by this Agreement to consult with an attorney before signing this Agreement, and has consulted with such counsel to the extent Employee has deemed necessary; (iii) the Employee knowingly, freely and voluntarily assents to all of the terms and conditions set out in this Agreement including, without limitation, the waiver, release, and covenants contained herein; (iv) the Employee is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which the Employee is otherwise entitled; (v) the Employee was given at least twenty-one (21) days to consider the terms of this Agreement and consult with an attorney of Employee's choice, although Employee may sign it sooner if desired and changes to this Agreement, whether material or immaterial, do not restart the running of the 21-day period; (vi) the Employee understands that

Settlement and Release of Claims Agreement:
Julio Castillo v. BCC Food Hall LLC d/b/a La Centrale, and Jacopo Giustiniani, 19cv-21612-BB (SD Fla)

Employee has seven (7) days from the date of signing this Agreement to revoke the release in this paragraph by delivering notice of revocation to Employer by fax at the following number (646) 478-9147 before the end of such seven-day period; and (vii) the Employee understands that the release contained in this paragraph does not apply to rights and claims that may arise after the date on which the Employee signs this Agreement.

     5. <u>Withdrawal and Stipulation of Dismissal</u>. In exchange for the payment(s) made to Employee pursuant to the terms of this Agreement and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged, Employee shall withdraw and dismiss, in writing and with prejudice, the Pending Litigation together with any and all claims, charges, actions, complaints, lawsuits, appeals, and proceedings that Employee has instituted against the Employer, including, but not limited to, the Pending Litigation. Employee's counsel shall file with the court holding jurisdiction over the Pending Litigation and deliver to Employer's counsel within one (1) business day of signing this Agreement the motion attached to this Agreement as Exhibit "A". Employer's counsel shall diligently pursue the dismissal of the Pending Litigation to obtain a Stipulation of Dismissal with Prejudice. Employer's obligations under this Agreement are expressly conditioned on the Florida Southern District Court's acceptance and acknowledgment of dismissal of the Pending Litigation.

     6. <u>Confidentiality</u>. Employee represents, warrants, and confirms that, as of the date Employee signed this Agreement, Employee has not disclosed or discussed, orally or in writing, the negotiations and discussions leading to this Agreement, the existence of this Agreement, or any of its terms or conditions with any person, organization, or entity other than Employee's attorneys or tax advisors. Employee agrees to maintain confidentiality, except as may be necessary for any court filings in the Pending Litigation, or in an action to enforce its terms, or as otherwise required by law, regarding Employee's allegations in the Pending Litigation, all matters concerning Employee's employment with Employer that were at issue in the Pending Litigation, the negotiations and discussions leading to this Agreement, and the existence and substance of this Agreement, including the amount paid under this Agreement, except that Employee may disclose this Agreement to his spouse, attorneys, accountants, tax advisors or other similar professionals, psychiatrist, licensed mental health therapist or other health care provider or professional, or the Internal Revenue Service or other appropriate federal, state, or local agencies. Upon receipt of an inquiry regarding the Pending Litigation or this Agreement from someone other than those identified in this paragraph, the Parties shall state only that "the matter has been resolved." If Employee is required by law or pursuant to a subpoena to disclose information regarding the Action or this Agreement, Employee agrees that Employee shall promptly provide written notice to Employer. Employee shall have no obligation whatsoever other than to notify Employer as stated above and shall comply with any court order, subpoena, law, regulation or legal process if Employer should not timely file any appropriate motion opposing the court order, subpoena, law, regulation or legal process and staying Employee's requirement to comply with the court order, subpoena, law, regulation or legal process.

     7. <u>Waiver of Future Employment</u>. Employee waives all rights and claims to reinstatement as an employee with Employer and agrees that Employee will not knowingly seek or accept future employment with Employer or Employer's parents, subsidiaries, and other corporate affiliates or with any successor or assign. Employee agrees that if Employer or Employer's parents, subsidiaries, and other corporate affiliates or any successor or assign declines to employ Employee, they shall not be liable for any damages.

Settlement and Release of Claims Agreement:
Julio Castillo v. BCC Food Hall LLC d/b/a La Centrale, and Jacopo Giustiniani, 19cv-21612-BB (SD Fla)

8. <u>Employer's Reference of Employee</u>. In the event a prospective future employer for Employee calls Employer's human resources manager for a job reference, Employer shall direct their human resources manager to confirm to any prospective employer: (i) Employee's job title, (ii) Employee's dates of employment, and (iii) Employee's salary. Employer shall not disclose any information about Employee's separation from Employer or whether Employee is eligible for rehire.

9. <u>Knowing and Voluntary Acknowledgment</u>. Employee specifically agrees and acknowledges that: (a) Employee has read this Agreement in its entirety and understands all of its terms; (b) by this Agreement, Employee has been advised of the right to consult with an attorney before executing this Agreement, and has consulted with such counsel as Employee deemed necessary; (c) Employee knowingly, freely, and voluntarily assents to all of its terms and conditions including, without limitation, the waiver, release, and covenants contained herein; (d) Employee is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which Employee is otherwise entitled; and that (e) Employee is not waiving or releasing rights or claims that may arise after the execution of this Agreement.

Employee further acknowledges that Employee has had twenty-one (21) days to consider the terms of this Agreement, although Employee may sign it sooner if desired. Further, Employee shall have seven (7) days from the date on which Employee signs this Agreement to revoke consent to Employee's release of claims under the ADEA, if applicable, by delivering notice of revocation to Employer by fax at the following number (646) 478-9147, before the end of such seven-day period. In the event of such revocation by Employee, Employer Group shall have the option of treating this Agreement as null and void in its entirety.

This Agreement shall not become effective until the eighth (8th) day after the Parties execute this Agreement. This date shall be the Effective Date of this Agreement. No payments due to Employee hereunder shall be made or begin before the Effective Date.

10. <u>Non-Disparagement</u>. Employee agrees and covenants that Employee shall not at any time make, publish, or communicate to any person or entity or in any public forum any defamatory or disparaging remarks, comments, or statements concerning the Employer Employer's business practices, or the goods and services it sells, now or in the future.

11. <u>Successors and Assigns</u>. Employer may freely assign this Agreement at any time. This Agreement shall inure to the benefit of the Employer and each of their respective successors and assigns. Employee shall not assign this Agreement or any part hereof. Any purported assignment by Employee shall be null and void from the initial date of the purported assignment.

12. <u>Governing Law and Forum Selection</u>. This Agreement, for all purposes, shall be construed in accordance with the laws of Florida without regard to conflict-of-law principles. Any action or proceeding by either of the Parties to enforce this Agreement shall be brought only in the state or federal courts located in the state of Florida, county of Miami Dade. The Parties hereby irrevocably submit to the exclusive jurisdiction of such courts and waive the defense of inconvenient forum to the maintenance of any such action or proceeding in such venue.

Settlement and Release of Claims Agreement:
Julio Castillo v. BCC Food Hall LLC d/b/a La Centrale, and Jacopo Giustiniani, 19cv-21612-BB (SD Fla)

13. Tolling. If the Employee violate any of the terms of the post-termination obligations articulated in this Agreement, the obligation at issue will run from the first date on which the Employee ceases to be in violation of such obligation.

14. Attorneys' Fees and Costs. In the event Employee or Employer brings a claim to enforce any provision of this Agreement, the prevailing party shall be entitled to recover the reasonable attorneys' fees and costs she or it incurred in such claim.

15. Entire Agreement. This Agreement contains all of the understandings and representations between Employer and Employee relating to the subject matter herein and supersedes all prior and contemporaneous understandings, discussions, agreement, representations, and warranties, both written and oral, with respect to such subject matter.

16. Enforcement. The Parties mutually agree that this Agreement can be specifically enforced in any court of competent jurisdiction and can be cited as evidence in legal proceedings alleging breach of this Agreement.

17. Modification and Waiver. No provision of this Agreement may be amended or modified unless such amendment or modification is agreed to in writing and signed by both Employer and Employee. No waiver by either party of any breach by the other party of any condition or provision of this Agreement shall be deemed a waiver of any other provision or condition, nor shall the failure of or delay by either of the parties in exercising any right, power, or privilege under this Agreement operate as a waiver to preclude any other or further exercise of any right, power, or privilege.

18. Severability. If any provision of this Agreement is held by a court of competent jurisdiction to be enforceable only if modified, or if any portion of this Agreement is held as unenforceable and thus stricken, such holding shall not affect the validity of the remainder of this Agreement, the balance of which shall remain in full force and effect and continue to be binding upon the Parties, with any such modification to become a part hereof and treated as though originally set forth in this Agreement.

The Parties further agree that any such court is expressly authorized to modify any such unenforceable provision of this Agreement in lieu of severing such unenforceable provision from this Agreement in its entirety, whether by rewriting the offending provision, deleting any or all of the offending provision, adding additional language to this Agreement, or by making such other modifications as it deems warranted to carry out the intent and agreement of the Parties as embodied herein to the maximum extent permitted by law.

19. Captions. Captions and headings of the sections and paragraphs of this Agreement are intended solely for convenience and no provision of this Agreement is to be construed by reference to the caption or heading of any section or paragraph.

20. Counterparts. The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument. Delivery of an executed counterpart's signature page of this Agreement, by facsimile, electronic mail in portable

Settlement and Release of Claims Agreement:
Julio Castillo v. BCC Food Hall LLC d/b/a La Centrale, and Jacopo Giustiniani, 19cv-21612-BB (SD Fla)

document format (.pdf), or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, has the same effect as delivery of an executed original of this Agreement.

21. Notices. All notices under this Agreement must be given in writing by nationally recognized overnight courier service, with a copy to counsel for the party being served at the addresses indicated in this Agreement or any other address designated in writing by either Party.

Notice to the Employer:

BCC FOOD HALL LLC
c/o Cinotti LLP
66 West Flagler Street, Suite 1002
Miami, FL 33130

Notice to the Employee:

Julio Castillo
c/o Law Office of Hazel Solis Rojas, P.A.
3105 NW 107th Avenue, Suite 400
Doral, Florida 33172

22. Acknowledgment of Full Understanding. EMPLOYEE ACKNOWLEDGES AND AGREES THAT EMPLOYEE HAS FULLY READ, UNDERSTANDS AND VOLUNTARILY ENTERS INTO THIS AGREEMENT. EMPLOYEE ACKNOWLEDGES AND AGREES THAT EMPLOYEE HAS HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN ATTORNEY OF EMPLOYEE'S CHOICE BEFORE SIGNING THIS AGREEMENT. EMPLOYEE FURTHER ACKNOWLEDGES THAT EMPLOYEE'S SIGNATURE BELOW IS AN AGREEMENT TO RELEASE OF THE EMPLOYER GROUP FROM ANY AND ALL CLAIMS THAT CAN BE RELEASED AS A MATTER OF LAW.

*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK. SIGNATURE PAGE TO FOLLOW.*

Settlement and Release of Claims Agreement:
Julio Castillo v. BCC Food Hall LLC d/b/a La Centrale, and Jacopo Giustiniani, 19cv-21612-BB (SD Fla)

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Execution Date above.

Employer

BCC FOOD HALL LLC

By _____
Corso Italia Inc., Sole Member, BCC Food Hall LLC
Name: _____
Title: Filippo Cinotti, President, Corso Italia Inc.
Date: 6/14/19

_____
Jacopo Giustiniani, individually
Date: 6/14/2019

Employee

_____
Julio Castillo
Date: 6/13/19

8